### · PERLS v. METROPOLITAN LIFE INS. Co.

*(Common Pleas of New York City and County, General Term. Feb. 3, 1890.)*

LIMITATION OF ACTIONS—PLEADING—REPLICATION.

> It is in the discretion of the court to require plaintiff to reply to a plea of the statute of limitations.

Appeal from special term.

Action by Emanuel Perls against the Metropolitan Life Insurance Company. Defendant moved to compel plaintiff to reply to certain defenses, and appeals from the order denying its motion.

Argued before BOOKSTAVER and BISCHOFF, JJ

*Arnoux, Ritch & Woodford,* for appellant. *Levi A. Fuller,* for respondent.

BOOKSTAVER, J. The complaint alleges that, by contract under seal made in 1888, defendant agreed to pay plaintiff certain premiums which have not

been paid. The answer denies the allegations of the complaint, and sets forth that a contract not under seal was executed between the parties, which contained a provision that commissions should be paid only so long as the plaintiff worked for no other company, and that he has broken his contract. It also alleges payment in full, and then sets up as distinct defenses (1) the six-year statute of limitations; (2) the ten-year statute of limitations; and (3) the twenty-year statute of limitations; and also a counter-claim for moneys advanced. To this counter-claim plaintiff replied, and defendant, by this motion, sought to compel him also to reply to the defenses of the statutes of limitations. Requiring the plaintiff to plead to such defenses is a matter entirely within the discretion of the court, ·depending upon the facts in each case. The defendant strenuously contends that, because the answer denies the contract under seal and set up in the complaint, and pleads a contract not under seal, the court below erred in assuming the action is brought on a sealed instrument. In this we think it is in error. The plaintiff must recover, if he recover at all, upon the contract set forth in the complaint, and not upon the one set up in the answer, unless an amendment to the complaint, substituting the one for the other, is permitted by the court. We therefore think the reasoning in the opinion of the learned judge who denied the motion at special term is entirely correct, and he properly exercised his discretion in denying the motion upon the facts before him. *Sterling* v. *Insurance Co.* was a case very similar to the one under consideration in every respect, except as to the defenses of the statutes of limitations. A similar motion was made in that case, which was denied at special term, and the order denying it was sustained both at the general term (42 Hun, 656, *mem.*) and by the court of appeals, (105 N. Y. 619, *mem.*) The defendant also contends that the trial in this action would involve an examination of the whole account between the parties, as it is contained in the books of the defendant. But this examination cannot be had until the plaintiff proves the contract upon which he relies for a recovery, when it will appear whether either of the statutes of limitations is a bar to the action, and, if it does so appear, the action must be dismissed. But, even if this were not so, the defendant is not entitled to a reply simply for the purpose of saving it from proving its defense by evidence. The object of the pleadings in a case is to make distinct issues between the parties, and this is made by the pleadings as they stand. It is apparent that the case is one in which a reference must be had. The order appealed from should therefore be affirmed.